NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RA'ZULU S. UKAWABUTU, | : | |
| | : | Civil Action No. 06-837(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| RONALD CATHEL, et. al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> RA'ZULU S. UKAWABUTU, Petitioner <u>Pro Se</u>
> # 236126/SBI #487907B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
>
> PETER J. GALLAGHER, ESQ.
> Atlantic County Prosecutor's Office
> 4997 Unami Blvd., P.O. Box 2002
> Mays Landing, New Jersey 08330
> Counsel for Respondents

**HILLMAN**, District Judge

This matter is before the Court on Petitioner Ra'zulu S. Ukawabutu's motion for "relation back" (Docket Entry No. 2) with respect to his petition for habeas corpus relief under 28 U.S.C. § 2254. This motion is decided without oral argument pursuant to <u>Fed.R.Civ.P.</u> 78. For reasons discussed below, petitioner's motion will be denied.

I. DISCUSSION

On or about February 22, 2006, petitioner, Ra'zulu S. Ukawabutu ("Ukawabutu"), filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, challenging his 1994 state court conviction for murder, robbery, and weapons charges. With his petition, Ukawabutu also filed a motion, pursuant to Fed.R.Civ.P. 15(c), asking the Court to allow the present habeas petition to relate back to his previously filed § 2254 habeas petition, filed under Civil No. 97-2888 (SMO), which had been dismissed without prejudice on non-exhaustion grounds on July 14, 1999. It would appear that Ukawabutu seeks this relief so as to avoid his present petition being dismissed as time-barred under 28 U.S.C. § 2244(d).[1] In fact, the State did raise this affirmative defense in their answer filed with the Court on or

---

[1] Petitioner's state court judgment of conviction became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). was signed into law. The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment"). Therefore, Ukawabutu had until April 23, 1997 to file his federal habeas petition. His 1997 petition was filed on or about April 18, 1997, only 5 days before the one-year limitations period was to expire. Although his first federal petition was dismissed on July 14, 1999 for failure to exhaust state court remedies, Ukawabutu waited 8½ months to file his post-conviction relief motion in state court, on April 5, 2000, suggesting that the present petition now may be time-barred.

2

about August 3, 2006. Ukawabutu's moving papers offer no reason or justification for having this petition relate back to his 1997 habeas petition.

Under Fed.R.Civ.P. 15(c), "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." It would appear that Ukawabutu is now urging the Court to have this second petition be treated as having been filed on the same day as his 1997 habeas petition under this "relation back" doctrine.

However, the U.S. Court of Appeals for the Third Circuit has held in a similar situation, that the "relation back" doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back. See Jones v. Morton, 195 F.3d 153, 160-61 (3d Cir. 1999). See also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir.), cert. denied, 531 U.S. 968 (2000); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999). In Jones, the Court of Appeals considered its ruling in a then-recent habeas case, Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999), which held that "[t]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed." Jones, 195 F.3d at 160 (quoting Hull, 190 F.3d

at 103-04 (citations omitted)). Thus, as a general rule, courts have recognized that when a first petition is dismissed without prejudice for failure to exhaust state remedies, a later petition filed after exhaustion is satisfied cannot be considered as an amendment to the earlier habeas petition, but must be regarded as a new action. Jones, 195 F.3d at 160-61; Graham v. Johnson, 168 F.3d 762, 775-81 (5th Cir. 1999), cert. denied, 529 U.S. 1097 (2000).

In Graham, the Court of Appeals for the Fifth Circuit explained that this rule negating the application of the "relation back" doctrine to habeas petitions dismissed without prejudice for failure to exhaust is not a mere technicality, but serves to prevent § 2254 habeas petitioners from circumventing the one-year limitations period imposed by the AEDPA:

> [I]f [the limitations period] were interpreted as Petitioner argues, the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state court remedies before returning to federal court to "continue" his federal remedy, without running afoul of the statute of limitations.

Graham, 168 F.3d at 780.

This is precisely the situation Ukawabutu now presents in this motion. Therefore, this Court rejects petitioner's argument that the filing date of this second habeas petition should relate

back to the filing date of his first habeas petition, which was dismissed without prejudice in 1999 on non-exhaustion grounds.

## CONCLUSION

For the foregoing reasons, this Court concludes that petitioner's motion for relation back under Fed.R.Civ.P. 15(c) should be denied because there is no pending habeas action to which this new habeas can relate back. An appropriate Order follows.

/s/ Noel C. Hillman
NOEL L. HILLMAN
United States District Judge

DATED: October 4, 2006
in Camden, New Jersey