**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RA'ZULU S. UKAWABUTU, | : | |
| | : | Civil No. 06-837 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| RONALD CATHEL, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

> RA'ZULU S. UKAWABUTU, Petitioner pro se
> #236126/SBI #487907B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625
>
> PETER J. GALLAGHER, ESQ.
> Atlantic County Prosecutor's Office
> 4997 Unami Blvd., P.O. Box 2002
> Mays Landing, New Jersey 08330
> Counsel for Respondents

**HILLMAN, District Judge**

This matter comes before the Court upon pro se petitioner,

Ra'zulu S. Ukawabutu's ("Ukawabutu") motion for reconsideration

of this Court's October 4, 2006 Opinion and Order (Docket Entry

Nos. 15 and 16) denying Ukawabutu's motion for "relation back" of

his present habeas petition to his earlier-filed 28 U.S.C. § 2254

habeas petition.  Ukawabutu filed his motion for reconsideration

on or about October 11, 2006.[1]  (Docket Entry No. 18).

The Court will consider petitioner's motion without oral

argument pursuant to Fed.R.Civ.P. 78.  For the reasons stated

below, the motion is denied.

### I.   BACKGROUND

On or about February 22, 2006, Ukawabutu filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,

challenging his 1994 New Jersey state court conviction for

murder, robbery, and weapons offenses.  With his petition,

Ukawabutu also filed a motion under Rule 15(c) of the Federal

Rules of Civil Procedure, asking the Court to allow the instant

habeas petition to relate back to petitioner's earlier-filed

habeas application, filed under Civil No. 97-2888 (SMO).  The

earlier-filed habeas petition had been dismissed on July 14,

1999, for failure to exhaust state court remedies as to all

claims presented.

---

[1]  Ukawabutu's motion is dated October 11, 2006, but was not received by the Court until October 19, 2006.  The Court finds that Ukawabutu "filed" his motion on the date he handed it to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Since the Court does not know the actual date that petitioner handed his motion papers to prison officials for mailing, the Court will use the date Ukawabutu signed and dated his motion, October 11, 2006.

This Court denied Ukawabutu's motion for "relation back" on the ground that the earlier petition had been dismissed, and there was nothing for the new petition to relate back to.  See Jones v. Morton, 195 F.3d 153, 160-61 (3d Cir. 1999).  See also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir.), cert. denied, 531 U.S. 968 (2000); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999).  Specifically, this Court held:

> In Jones, the Court of Appeals considered its ruling in a then-recent habeas case, Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999), which held that "[t]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed." Jones, 195 F.3d at 160 (quoting Hull, 190 F.3d at 103-04 (citations omitted)).  Thus, as a general rule, courts have recognized that when a first petition is dismissed without prejudice for failure to exhaust state remedies, a later petition filed after exhaustion is satisfied cannot be considered as an amendment to the earlier habeas petition, but must be regarded as a new action.  Jones, 195 F.3d at 160-61; Graham v. Johnson, 168 F.3d 762, 775-81 (5th Cir. 1999), cert. denied, 529 U.S. 1097 (2000).
>
> In Graham, the Court of Appeals for the Fifth Circuit explained that this rule negating the application of the "relation back" doctrine to habeas petitions dismissed without prejudice for failure to exhaust is not a mere technicality, but serves to prevent § 2254 habeas petitioners from circumventing the one-year limitations period imposed by the AEDPA:
>
> > [I]f [the limitations period] were interpreted as Petitioner argues, the result would be impractical.  A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice.  He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state court remedies before returning to federal

> court to "continue" his federal remedy, without running afoul of the statute of limitations.

Graham, 168 F.3d at 780.

> This is precisely the situation Ukawabutu now presents in this motion.  Therefore, this Court rejects petitioner's argument that the filing date of this second habeas petition should relate back to the filing date of his first habeas petition, which was dismissed without prejudice in 1999 on non-exhaustion grounds.

Ukawabutu now seeks to have this Court reconsider its denial of the "relation back" motion based on alleged errors of law and fact.  First, petitioner claims that the Court misstated Ukawabutu's intention for filing the "relation back" motion so as to avoid a statute of limitations bar.  Second, Ukawabutu argues that this Court has accepted the respondents' misstatements of facts relating to the date Ukawabutu filed his state PCR motion. Finally, Ukawabutu contends that the Court overlooked relevant case law from the United States Court of Appeals for the Ninth Circuit, in "Felix v. Mayle, 379 F.3d 612 (9th Cir.), cert. granted, __ U.S. __ (2004)."  Specifically, Ukawabutu argues that the Supreme Court has held that "an amended habeas petition does not relate back (and thereby avoid AEDPA's one-year time limit) 'when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.'  The Court however, held that 'So long as the original and amended petitions state claims that are tied to a common core

4

of operative facts, relation back will be in order.'"

(Petitioner's Motion for Reconsideration).

## II.  <u>ANALYSIS</u>

Motions for reconsideration are not expressly recognized in

the Federal Rules of Civil Procedure.  <u>United States v.</u>

<u>Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999).

Generally, a motion for reconsideration is treated as a motion to

alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion

for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id</u>.

In the District of New Jersey, Local Civil Rule 7.1(g) governs

motions for reconsideration.  <u>Bowers v. Nat'l. Collegiate</u>

<u>Athletics Ass'n.</u>, 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek

reconsideration by the Court of matters "which [it] believes the

Court has overlooked" when it ruled on the motion.  L. Civ. R.

7.1(g); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>,

935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument

is high and reconsideration is to be granted only sparingly.  <u>See</u>

<u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The

movant has the burden of demonstrating either: "(1) an

intervening change in the controlling law; (2) the availability

of new evidence that was not available when the court [issued its

order]; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice."  <u>Max's Seafood Café v.</u>

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins.

Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its

prior decision has overlooked a factual or legal issue that may

alter the disposition of the matter.  Compaction Sys. Corp., 88

F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word

'overlooked' is the operative term in the Rule."  Bowers, 130 F.

Supp.2d at 612 (citation omitted); see also Compaction Sys.

Corp., 88 F. Supp.2d at 345.

     Ordinarily, a motion for reconsideration may address only

those matters of fact or issues of law which were presented to,

but not considered by, the court in the course of making the

decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876,

878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

reconsideration is not to be used as a means of expanding the

record to include matters not originally before the court.

Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel

and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);

Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279

(D.N.J. 1988).  Absent unusual circumstances, a court should

reject new evidence which was not presented when the court made

the contested decision.  See Resorts Int'l, 830 F. Supp. at 831

n.3.  A party seeking to introduce new evidence on

reconsideration bears the burden of first demonstrating that

evidence was unavailable or unknown at the time of the original

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298,

1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate

arguments which the court has already considered.  See G-69 v.

Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference

of opinion with the court's decision should be dealt with through

the normal appellate process.  Bowers, 130 F. Supp.2d at 612

(citations omitted); Florham Park Chevron, Inc. v. Chevron

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also

Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318

(D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,

935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...

may not be used to re-litigate old matters, or to raise arguments

or present evidence that could have been raised prior to the

entry of judgment.").  In other words, "[a] motion for

reconsideration should not provide the parties with an

opportunity for a second bite at the apple."  Tishcio v. Bontex,

Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Ukawabutu points out several factual errors allegedly

made by the Court.  First, he states that the Court wrongly noted

that petitioner filed his motion for relation back to avoid a

statute of limitations bar.  Second, Ukawabutu states that the

Court relied on misstatements by the respondents as to the actual

7

date Ukawabutu filed his state PCR petition.  Nevertheless, the Court finds that these alleged factual errors, now brought to its attention, would not alter the outcome of its October 4, 2006 ruling.  The intended purpose of Ukawabutu's relation back motion is not pertinent or dispositive of the Court's ruling. Furthermore, the actual date when Ukawabutu filed his state PCR petition is not relevant in deciding whether his present habeas petition should relate back to his earlier, dismissed habeas petition.  That issue goes to whether the petition is now time-barred, a determination that has not yet been made by this Court.

Finally, Ukawabutu argues that the Court overlooked relevant case law in deciding that the petition can not relate back to the earlier-filed and dismissed habeas petition.  Ukawabutu relies on Felix v. Mayle, 379 F.3d 612 (9th Cir. 2004), which has been reversed by the Supreme Court, Felix v. Mayle, 545 U.S. 644 (2005).

In Felix, the Supreme Court reversed the Ninth Circuit's ruling that petitioner's amended petition related back to his initial petition.  The Court held that the amended petition, filed after the one-year limitations period had expired and targeting petitioner's statements in a pretrial interrogation, did not relate back to the date of the original petition, which targeted the admission into evidence of videotaped testimony of a witness for the prosecution.  Thus, the Court generally

8

proscribed the relation back of an amended petition (to avoid

AEDPA's one-year time limit) when the amendment asserts a new

ground for relief supported by facts that differ in both time and

type from those grounds set forth in the original pleading.

However, relation back would be appropriate if the original and

amended petitions state claims that are tied to a common core of

operative facts.  545 U.S. at 656-664.

It would appear that Ukawabutu is arguing that his current

petition should relate back to the earlier, dismissed petition

because they both allege the same claims.  This Court finds that

Ukawabutu's reliance on <u>Felix</u> in this regard is misplaced and in

error.  <u>Felix</u> applies the "relation back" doctrine to an original

pleading that has not been dismissed and is still in existence in

a pending habeas action.  In this case, Ukawabutu's first habeas

petition was dismissed and is, thus, no longer in existence for

his current habeas petition to relate back to.

Consequently, Ukawabutu has not established any factual or

legal issue that would serve to alter this Court's disposition of

petitioner's motion for "relation back" as set forth in its

October 4, 2006 Opinion and Order.

### III. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, Ukawabutu's motion for reconsideration will be denied.  An appropriate Order follows.


<u>S/Noel L. Hillman</u>
NOEL L. HILLMAN
United States District Judge

Dated: April 2, 2007

At Camden, New Jersey

10