**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RA'ZULU S. UKAWABUTU, | : | |
| | : | Civil Action No. 06-837 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| RONALD H. CATHEL, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    RA'ZULU S. UKAWABUTU, Petitioner pro se
    #236126 SBI #487907B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    PAULA T. DOW, ESQ.
    Essex County Prosecutor's Office
    Essex County Courts Building
    Newark, New Jersey 07102

**LINARES**, District Judge

This matter comes before the Court upon pro se petitioner, Ra'Zulu S. Ukawabutu's ("Ukawabutu") motion for reconsideration of this Court's April 24, 2008 Opinion and Order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, for lack of substantive merit. Ukawabutu filed his motion for reconsideration on or about May 12, 2008. (Docket Entry No. 27). The State opposed petitioner's motion with a letter response brief on June 12, 2008.

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

On or about February 17, 2006, Ukawabutu filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1994 New Jersey state court conviction[1] for murder, kidnapping and numerous other related offenses. Ukawabutu raised ten claims for habeas relief. Specifically, Ukawabutu argued that his pretrial statements were not voluntary, and were obtained in violation of his Fourth and Fifth Amendment rights; that he received ineffective assistance of trial counsel in violation of his Sixth Amendment rights; that there was prosecutorial misconduct regarding false evidence of gang activity presented during the suppression hearing on remand; that he received ineffective assistance of appellate counsel; that the police failed to scrupulously honor petitioner's invocation of

---

[1] State criminal trial originally was conducted and concluded in 1991. An issue raised on direct appeal caused the case to be remanded for a further hearing, and judgment of conviction was stayed until the hearing on remand, which concerned the issue of petitioner's confession, was concluded in September 1994.

his right to remain silent in violation of the Fifth Amendment; that Ukawabutu did not knowingly and voluntarily waive his constitutional right to a jury trial; and that the trial court's use of an out-of-court hearsay statement of a non-testifying witness violated petitioner's rights under the Sixth Amendment.

The State responded to the petition, arguing that petitioner's claims were either without substantive merit or failed to state a cognizable federal constitutional violation.

In an Opinion and Order filed on April 24, 2008, this Court denied the petition, as well as petitioner's request for an evidentiary hearing.  This Court presumes knowledge of its 100-page Opinion, and will not reiterate its findings, as it is a matter of record and docketed at Entry No. 25 in this case.

Shortly after the Court issued a denial of his habeas petition, Ukawabutu promptly filed a motion for reconsideration. In his lengthy, 50-page brief, Ukawabutu takes issue with this Court's ruling on the petition.  He does not actually show that this Court overlooked any dispositive fact or legal issue. Rather, he simply disagrees with the Court's decision as to each claim raised in the habeas petition.

The State objected to petitioner's motion for reconsideration in a response filed on June 12, 2008.

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

4

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, this Court has carefully reviewed Ukawabutu's motion for reconsideration, and finds that the arguments presented by petitioner are nothing more than another attempt to re-litigate the very same facts and legal issues raised by Ukawabutu in his habeas petition.  These issues were thoroughly examined and

6

considered by this Court in a lengthy Opinion that discussed each claim in turn.

Specifically, Ukawabutu does not point to any "new" or "overlooked" factual or legal issue that may alter the disposition of the matter, as required in a motion for reconsideration.  He simply disagrees with this Court's decision, and reiterates the same facts and legal arguments raised before in another effort to have this Court change its mind.  While this Court does not intend to give short shrift to petitioner's motion, it must be noted that a careful and thoughtful adjudication of Ukawabutu's claims was scribed by this Court after reviewing the very same arguments presented by Ukawabutu in his petition and voluminous supplements filed in support of his claims.

Consequently, this Court finds that Ukawabutu fails to present any new facts or evidence, or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration.  He simply repeats the very same facts and legal arguments that this Court already had determined to be meritless in denying habeas relief.

Further, Ukawabutu has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  Accordingly, Ukawabutu's only

recourse, if he disagrees with this Court's decision, should be via the normal appellate process.  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Ukawabutu's motion for reconsideration, and the motion will be denied for lack of merit.  An appropriate Order follows.

```
                                    s/Noel L. Hillman
                                   NOEL L. HILLMAN
                                   United States District Judge
Dated: September 15, 2008

At Camden, New Jersey
```